UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELE L. KASPEREK,

                Plaintiff,      **DECISION AND ORDER**
                                      **No. 1:16-cv-00671**
  -vs-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,

                Defendant.
_____

## I. **Introduction**

This matter comes before the Court following United States Magistrate Judge Hugh B. Scott's filing of a Report and Recommendation (Docket No. 19) on January 10, 2017. *See* 28 U.S.C. § 636(b)(1)(B); Western District of New York Local Rule 72(b), (c). In his Report and Recommendation ("R&R"), Judge Scott recommended that Defendant's motion to dismiss (Docket Nos. 10, 16)[1] Plaintiff's claims for employment discrimination, should be granted in part, and denied in part. Judge Scott recommended that Plaintiff's sex discrimination claim, filed pursuant to Title VII, be dismissed, but that Plaintiff's hostile work environment claim, in violation of Title VII, and her retaliation claim, filed pursuant to Title VII, be permitted to proceed to discovery. *See* Docket No. 19.

---

[1] Defendants filed a motion to dismiss the complaint on October 14, 2016. Docket No. 10. Thereafter, on November 3, 2016, Plaintiff filed an amended complaint. Docket No. 14. Defendant subsequently filed a motion to dismiss the amended complaint on November 21, 2016. Docket No. 16. Judge Scott's R&R addresses both motions to dismiss. Docket No. 19.

Both parties filed objections to the R&R (Docket Nos. 22, 23) and responses (Docket Nos. 25, 26, 28, 29). Plaintiff objected to the R&R to the extent it dismissed Plaintiff's sex discrimination claim (Docket No. 22 at 1), and Defendant objected to the portion of the R&R finding that Plaintiff's retaliation claim was timely filed (Docket No. 23 at 3). Defendant does not object to the portion of the R&R denying its motion to dismiss Plaintiff's hostile work environment claim. *See*, *e.g.*, Docket No. 23 at 2-3.

On May 20, 2019, the matter was transferred to the undersigned. Docket No. 36. For the reasons discussed below, the Court adopts the portions of the R&R recommending denial of Defendant's motion to dismiss Plaintiff's hostile work environment and retaliation claims. However, the Court reverses the R&R finding which grants Defendant's motion to dismiss Plaintiff's sex discrimination claim. Accordingly, Plaintiff's claim alleging sex discrimination is permitted to go forward for the reasons stated herein.

## II. Discussion

### A. Standard

When reviewing a magistrate judge's report and recommendation, a district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge[,]" *id.* Where no "specific written objection" is made to portions of the magistrate judge's report, the district court may adopt those portions, "as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (citing FED. R. CIV. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); other citation omitted). The district court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. *Eisenberg*, 564 F. Supp. 2d at 227 (citing *Thomas*, 474 U.S. at 149).

### B. **Plaintiff's Hostile Work Environment Claim**

As noted above, the parties did not object to the portion of the R&R denying Defendant's motion to dismiss Plaintiff's hostile work environment claim. The Court has reviewed Judge Scott's thorough and well-reasoned R&R as it pertains to Plaintiff's hostile work environment claim, and accepts his recommendation that the Court deny Defendant's motion in this respect.

### C. **Plaintiff's Retaliation Claim**

Judge Scott found that Plaintiff's retaliation claim was timely filed, based on a decision issued by the First Circuit Court of Appeals, *Franceschi v. United States VA*, 514 F.3d 81 (1st Cir. 2008). Docket No. 19 at 16-21. In *Franceschi*, the plaintiff's

charge contained claims for harassment and discrimination. *Id*. at 85-86. The EEOC sent the plaintiff a letter, explaining that it had dismissed the harassment charge, but accepted and was continuing investigation of the discrimination charge. *Id*. The letter also informed the plaintiff that due to the continuing investigation, he could not "avail himself of the agency's appeal procedures until final action had been taken." *Id*. at 86. Plaintiff nonetheless filed his case in federal court, and the district court granted summary judgment in favor of the defendants, due in part to the plaintiff's failure to exhaust his administrative remedies. *Id*. at 84.

The First Circuit affirmed the judgment of the district court, explaining, "[t]he EEOC was not given the opportunity to take final action on the administrative charge. It had only just started to investigate [the discrimination claim] when [the plaintiff] jumped the gun by filing suit. Administrative remedies were accordingly not exhausted with respect to either claim - that alleging a hostile work environment, or that alleging gender-based discrimination. . . ." *Id*. In other words, as explained by Judge Scott in his R&R, "the EEOC split the allegations in the complainant's charge, and the dismissal of some allegations did not require further action by the complainant until the entire charge ran its course." *See* Docket No. 19 at 20.

Defendant, in its objections, contends that the Fifth Circuit case, *Stokes v. Dolgencorp*, 367 F. App'x 545 (5th Cir. 2010), is more persuasive than *Franceschi*, as it concerns the same regulatory scheme at issue in this case. Docket No. 23 at 7. In *Stokes*, the plaintiff received two right to sue letters, including one for her sex discrimination claim, on or about February 27, 2008, and another for her unequal pay claim, on or about April 7, 2008. *Stokes*, 367 F. App'x at 546-47. Plaintiff filed her suit in federal court on June 24, 2008, alleging Title VII disparate treatment, and the defendant moved to dismiss the plaintiff's claim as untimely. *Id*. at 547. The district court granted the defendant's motion to dismiss. *Id*. On appeal, Plaintiff argued that the time for filing her complaint in federal court should run from April 7, 2008, when she received notice regarding her unequal pay claim, because "she was led to believe that the EEOC was in the process of determining whether to file a lawsuit on her behalf regarding her termination and pay discrimination claims," and "she did not need to act to file either of her claims until she received notice from the EEOC regarding whether it would file an action." *Id*. at 548-49. The Fifth Circuit rejected this argument. *Id*. at 549.

The *Stokes* decision was not decided by the Second Circuit Court of Appeals, and it is not controlling in this instance. There is an absence of controlling authority within the Second

Circuit on this issue, and the Court finds the reasoning contained in Judge Scott's R&R and *Franceschi* to be persuasive in this case. The Court therefore adopts Judge Scott's conclusion that "[a]pplying one clock to a single charge or EEOC file . . . has practical advantages." *See* Docket No. 19 at 20. Accordingly, the Court overrules Defendant's objection regarding the timeliness of Plaintiff's retaliation claim (Docket No. 23), and adopts the R&R (Docket No. 19), insofar as it recommends denial of Defendant's motion to dismiss Plaintiff's retaliation claim as untimely.

D. **Plaintiff's Sex Discrimination Claim**

Judge Scott recommended that the Court grant Defendant's motion to dismiss Plaintiff's sex discrimination claim, as Plaintiff failed to plead information rising to the level of a materially adverse change in employment. Docket No. 19 at 15. Specifically, Judge Scott concluded that "[t]he graffiti, threatening telephone calls, sexual slurs, and other events are cognizable under the first and third claims of the amended complaint for reasons explained elsewhere in this Report and Recommendation. These events, however, do not appear to have led to any diminution in Kasperek's wages, benefits, hours, major responsibilities, or other material aspects of her job." *Id*.

Plaintiff contends that the amended complaint contains numerous allegations supporting a materially adverse employment action, including that she is no longer being asked to serve as an

Acting Supervisor, was subject to humiliating and embarrassing events, had her authority and respect undermined, and was placed at risk in the workplace. *See* Docket Nos. 22 at 2, 29 at 4; *see also* Docket No. 14 at ¶¶ 18-20, 32-33, 38, 43, 46, 54-61, 65, 67, 72-73, 80, 88, 90-91, 96-97, 108.

"To make out a prima facie case of discrimination under Title VII, an employee must demonstrate that: '(1) [he or she] is a member of a protected class; (2) [he or she] was qualified for her position and satisfactorily performed [his or her] duties; (3) [he or she] suffered an adverse employment action; and (4) the circumstances surrounding that action giv[e] rise to an inference of discrimination.'" *Lewis v. Turning Point Brooklyn, Inc.*, No. 1:17-cv-7560 (FB)(RLM), 2019 WL 1433068, at *5 (E.D.N.Y. Mar. 29, 2019) (quoting *Buckley v. New York*, 959 F. Supp. 2d 282, 296 (E.D.N.Y. 2013)) (alterations in original). "An adverse employment action must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Zucco v. Auto Zone, Inc.*, 800 F. Supp. 2d 473, 477 (W.D.N.Y. 2011). "The Second Circuit has defined this requirement broadly, to include refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand, as well as lesser actions that may meet the adversity threshold based on the factual circumstances and context of the action." *Edwards v. Metro-North Commuter R.R. Co.*, No. 3:04cv1430 (JBA), 2006 WL

2790402, at *5 (D. Conn. Sept. 27, 2006) (internal quotations and citations omitted).

Under Rule 12(b)(6), while a complaint need not include detailed factual allegations, a claim must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). It must describe the claim in sufficient detail to give each defendant notice of what the claim is and the grounds upon which it rests. *Id.* at 555. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Plaintiff has adequately alleged a claim for sex discrimination. The amended complaint contains several allegations relevant to an adverse employment action. For example, Plaintiff alleges that she was no longer asked to serve as an Acting Supervisor for her department. Docket No. 14 at ¶ 38. Plaintiff also alleges that she felt unsafe at work, due to Defendant's direction that male inmates clean up the graffiti on her door, her receipt of harassing and threatening phone calls, and Defendant's

refusal to take steps to remedy Plaintiff's safety concerns. *Id*. at ¶¶ 18-20, 33, 42, 54-67, 72-73, 90-91, 97. Finally, as a result of this conduct, Plaintiff alleges that she felt embarrassed and humiliated, experienced anxiety, missed work, and lost income. *Id*. at ¶¶ 99-112.

These allegations - particularly those involving Defendant's denial of leadership opportunities to Plaintiff, and Defendant's failure to provide Plaintiff with a safe working environment - plainly constitute disruptions amounting to more than a mere inconvenience or an alteration in job responsibilities. *See Edwards*, 2006 WL 2790402, at *5 ("the refusal to requalify plaintiff as a Class A lineman, to the extent that such failure limited plaintiff's opportunity to receive overtime assignments, can constitute an adverse employment action if it adversely impacted his ability to make additional money. Further, failure to provide plaintiff with protective equipment which every other worker on plaintiff's gang had, and which it was company policy to provide, also could constitute an adverse employment action because it exposed plaintiff to potentially unreasonably dangerous working conditions."). Further, when considering Plaintiff's allegations concerning an adverse employment action collectively, and in conjunction with the allegations substantiating Plaintiff's hostile work environment claim, Plaintiff has plausibly alleged an adverse employment action. *See Ruiz v. City of N.Y.*, No. 14-CV-

5231 (VEC), 2015 WL 5146629, at *4 (S.D.N.Y. Sept. 2, 2015) (while some of the plaintiff's allegations of adverse actions, standing alone, did not amount to an adverse employment action, "others plausibly state a claim, and as a group they collectively state a claim."). Whether discovery will substantiate Plaintiff's allegations of an adverse employment action remains to be seen, but Plaintiff has pled a plausible claim at the pleading stage of this action.

**III. Conclusion**

For the foregoing reasons, the Court adopts in part, and reverses in part, Judge Scott's R&R (Docket No. 19). The Court adopts the R&R to the extent it recommends denying Defendant's motion to dismiss Plaintiff's hostile work environment claim and Plaintiff's retaliation claim.

The Court reverses the R&R to the extent it recommends dismissal of Plaintiff's sex discrimination claim.

Accordingly, Defendant's motions to dismiss (Docket Nos. 10, 16) are denied, and Plaintiff's claims based on hostile work environment, retaliation, and sex discrimination shall all go forward.

**ALL OF THE ABOVE IS SO ORDERED**.

**S/Michael A. Telesca**

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   May 24, 2019
         Rochester, New York